UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOYCE RICHARDSON,

    Plaintiff,

v.                                        Case No. 23-11208

TERESA BURNS., *et al.*,            Hon. Sean F. Cox

    Defendants.

_____/

## ORDER
## GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND SUMMARILY DISMISSING ACTION

Acting *pro se*, on May 22, 2023, Plaintiff Joyce Richardson filed this civil action against Defendants, Teresa Burns, Julia Dale, and "Runco, Young, and Owczarski." Burns and Dale work for the Michigan Unemployment Insurance Agency ("UIA"). "Runco, Young, and Owczarski" are members of the Michigan Unemployment Insurance Appeals Commission.

In her Complaint, Plaintiff lists claims for negligence, breach of contract, "abuse of the process," "use of the civil proceedings," "contributory duty," and "discrimination," against all Defendants. (ECF No. 1 at PageID 3).

Plaintiff's claims stem from the UIA denying her application for unemployment insurance during the COVID-19 pandemic, from the UIA seeking repayment of funds it alleges Plaintiff obtained fraudulently, and from the UIA allegedly abusing the UIA's administrative appeal system to harass Plaintiff. (*See id.* at PageID 2-7).

In support of her claims, Plaintiff attached 300 pages of documents to her Complaint. Primarily, the documents track Plaintiff's interactions with the UIA, while trying to secure

1

unemployment insurance during the pandemic, and various appeals of UIA decisions before an administrative law judge.

Along with her Complaint in this action, Plaintiff also filed an application to proceed *in forma pauperis*.

Indigent litigants may request a waiver of filing fees under 28 U.S.C. § 1915. Having reviewed Plaintiff's application to proceed *in forma pauperis*, this Court **GRANTS** that application.

Because Plaintiff is proceeding *in forma pauperis*, the applicable statute requires this Court to dismiss this case, at any time, if it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(b)(2) ("the court shall dismiss the case at any time if the court determines that" the action "fails to state a claim on which relief may be granted."). In addition, because federal courts are courts of *limited jurisdiction*, they "have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998).

Although this Court is mindful that *pro se* complaints must be liberally construed, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted.

As an initial matter, the Court does not have subject matter jurisdiction. First, the Court does not have diversity subject matter jurisdiction. To have diversity subject matter jurisdiction, there must be complete diversity of citizenship between all plaintiffs and defendants. 28 U.S.C. § 1332. Here, all parties are Michigan citizens.

Second, Plaintiff has not plead any cognizable federal claims, so federal question jurisdiction is also improper. Plaintiff lists claims for negligence, breach of contract, "abuse of

2

the process," "use of the civil proceedings," "contributory duty," and "discrimination," against all Defendants. (ECF No. 1 at PageID 3). These are *state law claims* over which this Court lacks subject matter jurisdiction.

Plaintiff also claims she has two "federal questions." First, she asks the Court to explain "how can the UIA change the federal laws and rules… without approval from the US department of Labor." Second, she asks the Court to "clarify the difference" between two federal acts. These are not federal claims and do not give the Court subject matter jurisdiction. (ECF No. 1 at PageID 5).

Finally, even if the Court were to find Plaintiff adequately plead a federal question, her claims still fail due to sovereign immunity.

States and their agencies are protected from suits for money damages by sovereign immunity. *Alden v. Maine*, 527 U.S. 706, 713 (1999). Actions brought against state employees, in their official capacity, are also barred by sovereign immunity because, "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009) (quoting *Kentucky v. Graham,* 473 U.S. 159, 166 (1985)).

Here, Plaintiff brings suit against Teresa Burns, Julia Dale, Runco, Young, and Owczarski, in their capacities as employees of the UIA and the Unemployment Board of Commissions—both of which are state agencies. Further, Plaintiff seeks money damages to compensate an 84-week period when the UIA denied her unemployment insurance claims. (ECF No. 1 at PageID 6). Since all of Plaintiff's claims are for money damages, and against state actors in their official capacities, they are barred by Sovereign immunity.

Accordingly, **IT IS ORDERED** that this action is **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(1).

**IT IS SO ORDERED.**

<u>s/Sean F. Cox</u>
Sean F. Cox
United States District Judge

Dated: June 9, 2023